IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NORMAN L. AGNEW (#0872250), | § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:17-cv-2375-B-BN |
| NO LIMIT MOTORS, | § § § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE <u>UNITED STATES MAGISTRATE JUDGE</u>**

This case has been referred to the undersigned United States magistrate judge for screening under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Jane J. Boyle. The undersigned issues the following findings of fact, conclusions of law, and recommendation that the Court should dismiss this action without prejudice for lack of subject matter jurisdiction.

**Applicable Background**

On September 7, 2017, Plaintiff Norman L. Agnew, an inmate at the Tarrant County jail, filed a complaint against Defendant No Limit Motors ("No Limit"), alleged to be a now-defunct operation that was based in Mesquite, Texas, seeking to recover his Ford Ranger pickup truck and other personal property that was in the truck at the time he took it to No Limit for transmission work. *See* Dkt. No. 3. Although Agnew asserts claims against No Limit for constitutional violations, the apparent aim of this action is the recovery of Agnew's personal property. *See, e.g., id.* at 4 (stating that the

relief he seeks is to "[g]et my truck back, and pay for my legal expenses or reimbursement of fees, etc., and make sure all of my tools are [there] on my truck").

The next day, the Court entered an order regarding its subject matter jurisdiction, requiring Agnew to file, no later than October 9, 2017, a written response to show the Court that it has subject matter jurisdiction over this lawsuit. *See* Dkt. No. 8; *see id.* at 4 (cautioning Agnew that "[f]ailure to comply with this order by that deadline will result in a recommendation that the complaint be dismissed for either lack of subject matter jurisdiction, under Federal Rule of Civil Procedure 12(h)(3), and/or failure to prosecute, under Federal Rule of Civil Procedure 41(b)").

No response was filed by the court-imposed deadline. Agnew instead filed, on November 13, 2017, an application for a writ of sequestration. *See* Dkt. No. 9.

**Legal Standards**

Federal courts have an independent duty to examine their own subject matter jurisdiction, *see Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583-84 (1999), as the federal courts' jurisdiction is limited, and federal courts generally may only hear a case if it involves a question of federal law or where diversity of citizenship exists between the parties. *See* 28 U.S.C. §§ 1331, 1332. Because Agnew chose to file his lawsuit in federal court, it is his burden to establish federal jurisdiction. And if he does not, this lawsuit should be dismissed. *See* FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

In diversity cases, each plaintiff's citizenship must be diverse from each defendant's citizenship, and the amount in controversy must exceed $75,000. *See* 28

U.S.C. §§ 1332(a), (b).

Federal question jurisdiction under 28 U.S.C. § 1331 "exists when 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 172 (5th Cir. 2009) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983)). "A federal question exists 'if there appears on the face of the complaint some substantial, disputed question of federal law.'" *In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007) (quoting *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir. 1995)).

The Court will not assume it has jurisdiction. Rather, "the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty Oil Corp. v. Ins. Co. of N.A.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citing *Ill. Cent. Gulf R. Co. v. Pargas, Inc.,* 706 F.2d 633, 636 & n.2 (5th Cir. 1983)).

**Analysis**

Agnew has not "affirmatively and distantly" alleged jurisdiction. For example, although Agnew is currently incarcerated, the Court can plausibly infer from the facts set out in the complaint that Agnew is a Texas citizen and that he has sued a business that is (or was) operating in Texas and is (or was) also a Texas citizen. It is therefore plausible that complete diversity is lacking. And, in any event, Agnew has failed to affirmatively and distinctly allege diversity as a basis for this Court's jurisdiction.

While Agnew states that No Limit has, for instance, violated his due process rights and rights under the Fourth Amendment, the complaint lacks factual allegations to show any connection – much less a close nexus – between the State and No Limit's alleged conduct, such that the defendant's conduct may be attributed to the State.

> "Private individuals generally are not considered to act under color of law," *Ballard v. Wall*, 413 F.3d 510, 518 (5th Cir. 2005), but "private action may be deemed state action when the defendant's conduct is 'fairly attributable to the State,'" *Priester v. Lowndes County*, 354 F.3d 414, 423 (5th Cir. 2004) (quoting *Bass v. Parkwood Hosp.,* 180 F.3d 234, 241 (5th Cir. 1999)).

*Moody v. Farrell*, 868 F.3d 348, 352 (5th Cir. 2017); *see also Singleton v. St. Charles Parish Sheriff's Dep't*, 306 F. App'x 195, 198-99 (5th Cir. 2009) (per curiam) ("A private actor … is subject to constitutional liability when 'such a close nexus between the State and the challenged action exists that seemingly private behavior may be fairly treated as that of the State itself,'" an "inquiry [that] is 'highly circumstantial and far from precise.'" (quoting *Morris v. Dillard's Dep't Store, Inc.*, 277 F.3d 743, 747-48 (5th Cir. 2001); citation omitted)).

Finally, Angew's application for a writ of sequestration, effectively requesting that the Court act to remove his property from its possessor, No Limit, offers further evidence that the relief that Agnew seeks is not dependent on a substantial and disputed question of federal law. *See, e.g., Rocket Indus., Inc. v. S. Tire & Supply, Inc.*, 702 F.2d 561 (5th Cir. 1983) (examining the right to a writ of sequestration under applicable state law).

**Recommendation**

The Court should dismiss this action without prejudice under Federal Rules of Civil Procedure 12(h)(3).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: November 14, 2017

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE